**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Elliff, *et al.*, | No. CV-25-01146-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, *et al.*, | |
| Defendant. | |

At issue is Defendant City of Mesa's Motion for Partial Dismissal of Plaintiffs' Complaint (Doc. 12, Mot.), to which Plaintiffs Ashley Elliff, Elisha Gibbs, Brandon Hamilton, Cindy Martinez, Amanda Rainey, and Christen Rope filed a Response (Doc. 18, Resp.), and the City of Mesa filed a Reply (Doc. 19, Reply). Based on the parties' briefing, the Court finds it appropriate to resolve the Motion without oral argument. LRCiv 7.2(f). For the reasons set forth below, the Court will grant the City's partial motion to dismiss and transfer the remainder of this case to District Judge Sharad H. Desai.

**I.   BACKGROUND**

In the Complaint (Doc. 1, Compl.), Plaintiffs allege the following. "The claims in this matter arise out of the City of Mesa's Police Sergeant Jeffrey Neese's habitual sexual harassment of six female police officers and the spouse of a City of Mesa police officer, the City's handling of those claims, and the continuing hostile work environment." (Compl. ¶ 6.) Specifically, Neese created a nude drawing of Gibbs, Rope, and non-party Elsie Keim and sent it to them. (Compl. ¶ 7.) He also sent sexually-charged text messages to Elliff,

Gibbs, Martinez, Rainey, Rope, the wife of Hamilton, and non-party Keim. (Compl. ¶¶ 9–21, 36–54, 63–74.) Upon receiving complaints from some of these individuals, the City's Human Resources department ("HR") investigated and, although HR found Neese had sent unwelcome and offensive text messages and engaged in sexual misconduct, as disciplinary action HR decided to move him from SWAT to the role of patrol sergeant alongside the targets of his misconduct. (Compl. ¶¶ 30–35, 55–56, 75–77.) Plaintiffs claim this was emblematic of "[t]he City's longstanding[] custom and policy of allowing sexual harassment in the workplace and creating a hostile work environment for its employees," which was "systemic and not limited to the acts and omissions of Neese." (Compl. ¶ 78.) Neese retired in December 2019. (Compl. ¶ 104.)

Independently, Keim brought suit against the City on May 21, 2024, raising claims under 42 U.S.C. § 1983 for violation of her constitutional equal protection rights and a claim under the Arizona Civil Rights Act. (Case No. CV-24-01182-PHX-SHD, Doc. 1.) Plaintiffs in the instant lawsuit filed their Complaint almost a year later, on April 6, 2025, after receiving Notice of Right to Sue letters from the Equal Employment Opportunity Commission (EEOC). (Compl. ¶ 5.) In this case, Plaintiffs raise claims under Title VII for unlawful employment discrimination and a hostile work environment and a claim under § 1983 for violation of equal protections rights under the Constitution. (Compl. ¶¶ 97–122.)

In *Keim v. City of Mesa*, Judge Desai entered an Order on August 25, 2025, granting the City's motion to dismiss Keim's § 1983 claims because they rely on the City's response to Neese's conduct before Neese retired in December 2019, and the claims are therefore time barred. (Case No. CV-24-01182-PHX-SHD, Doc. 18.)[1] Judge Desai granted Keim leave to amend the § 1983 hostile work environment claim if she could make non-conclusory factual allegations of conduct on the part of the City that occurred within the statute of limitations period. (*Id.*) On October 7, 2025, Keim filed her Second Amended Complaint, which mirrors the Complaint brought by the six Plaintiffs in the instant lawsuit, containing the same claims against the City. (*Id.* Doc. 26.)

---

[1] Judge Desai also dismissed Keim's Arizona Civil Rights Act claim based on the stipulation of the parties.

In the instant lawsuit, the City filed a partial motion to dismiss on August 11, 2025, arguing—as it did in *Keim v. City of Mesa*—that Plaintiffs' § 1983 claim is time barred because it relies on the City's 2018–19 response to Neese's conduct. The City also makes the new argument that the Court must dismiss the Title VII claims brought by Hamilton because Neese's conduct toward Hamilton's wife—a non-employee—is not actionable under Title VII. (Mot. at 1–2.) The Court now resolves the City's partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*,

556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    ANALYSIS

### A.    The City's Partial Motion to Dismiss

As the City argued in *Keim v. City of Mesa*, it argues here that the Court should dismiss Plaintiffs' § 1983 claim, because, to the extent the claim relies on the City's response to Neese's conduct, it is time barred, and the Complaint contains no non-conclusory allegations of conduct on the part of the City within the statute of limitations period. (Mot. at 3–4.) Judge Desai addressed this question with respect to Keim's § 1983 claims in granting the City's motion to dismiss in that case, and Judge Desai's analysis applies with equal force to the allegations in the instant case.[2] (*See* Case No. CV-24-01182-PHX-SHD, Doc. 18.) The Court will therefore grant the City's motion for dismissal of Plaintiffs' § 1983 claim in this case as well. Plaintiffs may amend the Complaint if they can allege non-conclusory facts regarding the City's conduct—not simply allegations of Plaintiffs' lingering injury from the time-barred conduct—within the statute of limitations period. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

The City also argues that the Court should dismiss Hamilton's Title VII claims because they are predicated on text messages Neese sent to Hamilton's wife, who was not an employee of the City of Mesa, and Hamilton makes no allegations that, based on his sex, he was discriminated against or suffered a hostile work environment. (Mot. at 4–5.) The Court agrees.

. . .

---

[2] Counsel for Plaintiffs and the City of Mesa in this matter also represent Keim and the City in *Keim v. City of Mesa*, Case No. CV-24-01182-PHX-SHD. Although Plaintiffs filed their response (Doc. 18, dated Sep. 23, 2025) to the City's motion to dismiss in this matter after Judge Desai entered the Order (Case No. CV-24-01182-PHX-SHD, Doc. 18, dated Aug. 25, 2025) granting the City's motion to dismiss on the same basis in *Keim v. City of Mesa*, Plaintiffs in their response make no mention of Judge Desai's ruling finding a lack of merit to the identical arguments Keim made in the case before Judge Desai.

Title VII prohibits employers covered by the Act from discriminating against an individual based on the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). No allegations in the Complaint lead to the plausible inference that Hamilton suffered discriminatory acts or a hostile work environment *based on his sex*. And Neese's conduct toward Hamilton's wife, which plausibly constitutes conduct based on her sex, is not actionable under Title VII even if the City knew about the conduct and took no action, because Hamilton's wife was not an employee of the City.[3] In their Response, Plaintiffs argue that Hamilton has Title VII claims against the City because his supervisors and co-workers treated him differently after he reacted to Neese's text messages to his non-employee wife. (Resp. at 5.) But, as Title VII itself sets forth, an individual must suffer discriminatory acts by his employer on account of his own sex for his discrimination or hostile work environment claims to be actionable under that statutory framework. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* . . . because of . . . sex.'")

Accordingly, the Court will dismiss Hamilton's claims against the City. Because the Court finds that Hamilton cannot cure the defects in his Title VII or § 1983 claims by amending the Complaint, the Court dismisses them with prejudice. *See Lopez*, 203 F.3d at 1130.

**B.     Case Transfer**

Federal Rule of Civil Procedure 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Relatedly, Local Rule 42.1(e) provides that the Court may order the transfer of a case such that cases pending before different Judges may be

---

[3] In support of their arguments, both Plaintiffs and the City cite *Thompson v. N.A. Stainless, L.P.*, 562 U.S. 170, 178 (2011), which is inapposite. There, both the plaintiff and his fiancée—who filed a sex discrimination case against their employer—were employees of the company and fell under the "zone of interests" of Title VII, and in any event the plaintiff there brought a claim of retaliation for being fired, not of discrimination or a hostile work environment, as Hamilton does here.

heard by a single Judge "[i]f the transferee Judge previously adjudicated a case that: (A) arose from substantially the same transaction or event; (B) involved substantially the same parties or property; . . . or (D) called for the determination of substantially the same questions of law;" or if "substantial duplication of labor" would arise if the case was heard by the transferor Judge; or "[f]or reasons of judicial economy and the availability of judicial resources." LRCiv 42.1(e).

The Complaint (Doc. 1) in the present case brings the same claims based on substantially the same allegations against the same Defendant as the Second Amended Complaint Keim filed in an earlier case in this District, Case No. CV-24-01182-PHX-SHD, Doc. 26, and the two cases are in approximately the same posture. Under Local Rule 42.1(e), in the interest of judicial economy, the Court finds that transfer of this case to Judge Desai is appropriate for determination of the same questions of law arising from the same alleged events involving the same parties. Transfer will eliminate the duplication of labor that would automatically arise where two different judges are asked to resolve identical issues, and Judge Desai has consented to the transfer.

**IT IS THEREFORE ORDERED** granting Defendant City of Mesa's Motion for Partial Dismissal of Plaintiffs' Complaint (Doc. 12). Plaintiff Brandon Hamilton's claims are dismissed with prejudice, and the remaining Plaintiffs' § 1983 claim is dismissed as time barred. The remaining Plaintiffs may file an Amended Complaint within 14 days of the date of this Order, but only if they can cure the defects in their § 1983 claim as identified in this Order. Consistent with LRCiv 15.1, the remaining Plaintiffs shall file, concurrently with any Amended Complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to District Judge Sharad H. Desai for all further proceedings.

**IT IS FURTHER ORDERED** that, unless otherwise directed by the Court, future pleadings and papers the parties file with the Court in this case shall bear the case number, CV-25-01146-PHX-SHD.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to Chief Judge Jennifer G. Zipps pursuant to LRCiv 42.1(e).

Dated this 19th day of November, 2025.

_____
Honorable John J. Tuchi
United States District Judge